UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

SEAN MICHAEL RYAN,

               Plaintiff,                   Case No. 1:11-cv-1075

v.                                       Honorable Gordon J. Quist

UNKNOWN MALCOMB et al.,

               Defendants.

_____/

**<ins>OPINION</ins>**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on immunity grounds and/or for failure to state a claim against all of the Defendants except Defendants Malcomb, Corning, Bracy, Coburn, Bird, Olson, Hull, Prison Health Services, Inc., Officer Unknown Party #1 and Psychiatric Staff Unknown Part(y)(ies). The Court will serve the complaint against Defendants Malcomb, Corning, Bracy, Coburn, Bird, Olson, Hull, Prison Health Services, Inc., Officer Unknown Party #1 and Psychiatric Staff Unknown Part(y)(ies).

## Discussion

I.      Factual allegations

Plaintiff presently is incarcerated at the Bellamy Creek Correctional Facility.  In his *pro se* complaint, Plaintiff sues Corrections Officers Unknown Malcomb, Unknown Party #1, Adam Coburn, Steven Bird, Phil Olson, Shawn Fuller, Bradley Kline, Jeff Shotwell, Marta Ramiro, Jerry Campbell and Unknown Sage; Doctor Unknown Party #2; Nurse Kevin Corning; Resident Unit Manager (RUM) Unknown Hull; Assistant Resident Unit Supervisor Brian Hadden; Inspector Unknown Wellington; Hearing Officer T. Wolven; Grievance Coordinator Unknown Party #3; Hearing Investigator Unknown Novak; Sergeant Richard Bracy; Assistant Deputy Warden Unknown Schooly; Deputy Warden Unknown Stoddard; Warden Ken McKee, Psychiatric Staff Unknown Par(y)(ies); Prison Health Services, Inc.; State of Michigan; Bellamy Creek Correctional Facility; and the Michigan Department of Corrections (MDOC).

Plaintiff suffers from back and neck injuries.  He has had four spinal surgeries but still experiences bulging and herniated disks in his back and neck as well as severe arthritis, which has been untreated since his arrest in March 2010.  Plaintiff has a ground floor medical restriction. In July 2011, Plaintiff was attempting to go to the yard, but he is housed in a cell that requires him to climb three stairs to the ground floor.  Plaintiff crawled up the stairs to go to the yard.  At the top of the stairs, Plaintiff asked Officer Malcomb to assist him but Malcomb refused.  Plaintiff continued to crawl and Malcomb eventually retrieved a wheel chair for Plaintiff.  However, Malcomb and another officer picked Plaintiff up and slammed him into the wheel chair.  They carried Plaintiff down the stairs and wheeled Plaintiff into his cell.  Malcomb and the other officer then dragged Plaintiff into the cell.  They slammed Plaintiff onto his bed and punched Plaintiff in the back of his head.  After the officers left, Sergeant Gilbert came to Plaintiff's door and asked what happened.  Plaintiff requested medical attention.  Nurse Leeland eventually examined Plaintiff.

Nurse Leeland told Plaintiff that he needed to see the doctor.[1]  Sergeant Gilbert and other officers removed Plaintiff's belly chains but he was still in excruciating pain.

During Officer Olsen's rounds, Plaintiff requested medical attention again.  When Plaintiff did not receive a response, Plaintiff covered his cell window to force a response.  During subsequent rounds, Officer Olson ordered Plaintiff to uncover his window.  Plaintiff refused.  Officer Olson then grabbed a grievance and letter that Plaintiff had written and threw them on the floor.  A few minutes later, RUM Hull came to Plaintiff's cell door.  Hull took Plaintiff's grievance and letter and told Plaintiff that she would call medical staff.  After she left, Nurse Corning came to Plaintiff's cell but refused Plaintiff's request to see a doctor.  Plaintiff then told Corning to "go hang himself."  (Compl., docket #1-1, Page ID#9.)  Corning apparently relayed to Officer Bird and RUM Hull that Plaintiff had threatened to hang himself.  Corning told Bird to watch Plaintiff.  Shortly thereafter, RUM Hull returned.  Plaintiff informed Hull that Corning refused to give medical treatment to Plaintiff.

Shortly thereafter, Sergeant Bracy instructed Plaintiff to cuff up.  Plaintiff could not place the cuffs on his hands due to his injuries.  After Bracy consulted with staff and Nurse Corning, they proceeded to extract Plaintiff from his cell.  In violation of MDOC policy, Plaintiff complains that the officers did not gear up for the extraction or record the incident.  During the extraction, Officer Coburn put Plaintiff in a head lock and twisted Plaintiff's neck while other officers twisted Plaintiff's body.  Plaintiff struggled with the officers.  While in the headlock, Plaintiff bit Officer Coburn because Plaintiff could not breathe and he thought Coburn would further injure his neck.  Plaintiff complains that the officers' actions increased his pain, caused his left hand to lose strength, and sent him into a psychotic episode.

---

[1]Plaintiff did not list Sergeant Gilbert or Nurse Leeland as Defendants in this action.

During his psychotic episode, Plaintiff bit himself, spit blood on the walls, painted with his blood and swore at everyone.  Plaintiff also threw his tray out of the food slot.  Officer Sage claimed that Plaintiff hit him with the food tray.   Sage gave Plaintiff a misconduct ticket for assaulting him with the tray. When Plaintiff questioned Sage about the ticket, Sage told Plaintiff that he should not have bitten Officer Coburn.  The hearing officer ultimately found Plaintiff guilty on two assault tickets, one for assaulting Officer Sage with the food tray and another unknown ticket.[2] For the two misconduct tickets, Plaintiff complains that he did not have his misconduct hearings in the time required by MDOC policy.  Hearing Officer Wolven mentioned that Plaintiff's hearing investigations caused the delay in the misconduct hearings.  However, Plaintiff complains that a delay in a hearing investigation is not a valid reason for delaying a misconduct hearing according to MDOC policy.  Plaintiff finally claims that Hearing Investigator Novak refused to give Plaintiff his hearing packet and appeal forms for his misconduct tickets.

Plaintiff complains that while in observation,  he was unable to file a grievance for the assault on Officer Sage and to process his grievance against Officer Malcomb and Officer Unknown Party #1.  At some point, Plaintiff met with the state police and talked about pressing charges.  Plaintiff, however, does not elaborate in his complaint on what incident he would press charges. Inspector Wellington told Plaintiff to kite him if Plaintiff wanted to press charges.  Plaintiff kited Wellington about pressing charges to no avail.

Because of the assaults, Plaintiff complains that he has lost strength in his left hand, was in agony for 7 to 10 days without medical treatment, and has experienced depression and paranoia.  Plaintiff claims that his mental health issues are still untreated.

---

[2] Because Plaintiff did not adequately describe the second misconduct ticket in his complaint, it is not entirely clear whether it was for biting Officer Coburn during Plaintiff's cell extraction.

Plaintiff alleges that Defendants violated his constitutional rights by using "excessive force, retaliatory practices and deliberate indifference." (Compl., docket #1-1, Page ID#11.) He states that "they've also filed assault charges on [him] in continued retaliation." (*Id.*)

For relief, Plaintiff request injunctive relief and monetary damages.

II.   Immunity

      A.   **State of Michigan, MDOC and Bellamy Creek Correctional Facility**

Plaintiff may not maintain a § 1983 action against the State of Michigan, Michigan Department of Corrections and the Bellamy Creek Correctional Facility. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court will dismiss Plaintiff's claims against Defendants State of Michigan, Michigan Department of Corrections and the Bellamy Creek Correctional Facility.

B.     **Hearing Officer Wolven**

Plaintiff sues Hearing Officer Wolven.  Defendant is a hearing officer whose duties are set forth at MICH. COMP. LAWS § 791.251 through § 791.255.  Hearing officers are required to be attorneys and are under the direction and supervision of a special hearing division in the Michigan Department of Corrections.  *See* MICH. COMP. LAWS § 791.251(e)(6).  Their adjudicatory functions are set out in the statute, and their decisions must be in writing and must include findings of facts and, where appropriate, the sanction imposed.  *See* MICH. COMP. LAWS § 791.252(k).  There are provisions for rehearings, *see* MICH. COMP. LAWS § 791.254, as well as for judicial review in the Michigan courts.  *See* MICH. COMP. LAWS § 791.255(2).  Accordingly, the Sixth Circuit has held that Michigan hearing officers are professionals in the nature of administrative law judges.  *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988).  As such, they are entitled to absolute judicial immunity from inmates' § 1983 suits for actions taken in their capacities as hearing officers.  *Id.*; *and see Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *cf. Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (judicial immunity applies to actions under § 1983 to recover for alleged deprivation of civil rights).  Therefore, Plaintiff's claims against Defendant Wolven will be dismissed.

While judicial immunity prevents the recovery of damages, it does not bar prospective judicial relief against Defendant Wolven.  *Pulliem v. Allen*, 466 U.S. 522, 541-43 (1984); *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996).  The Court will address this challenge in its discussion of Plaintiff's major misconduct claims, *infra*.

III.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

- 6 -

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    **Conclusory Allegations**

Plaintiff fails to state a claim against Defendants Doctor Unknown Party #2, Hadden, Fuller, Kline, Shotwell, Ramiro, Campbell, Wellington, Schooly, McKee and Stoddard because the complaint does not allege any conduct on their part, much less unconstitutional conduct.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

To the extent Plaintiff sues any of the foregoing Defendants because of their supervisory role over other Defendants, he fails to state a claim.  Government officials may not be held liable under § 1983 for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v.*

*Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

Because Plaintiff fails to allege that Defendants Doctor Unknown Party #2, Hadden, Fuller, Kline, Shotwell, Ramiro, Campbell, Wellington, Schooly, McKee and Stoddard engaged in any unconstitutional conduct, his claims against them will be dismissed.

### B.    Due Process - Misconduct Tickets

Plaintiff complains of two major misconduct tickets that he received for assaulting certain officers. He received one ticket for allegedly assaulting Officer Sage with his food tray. While it is not entirely clear from his complaint, it appears that Plaintiff received the other misconduct for biting Officer Coburn. Plaintiff complains that his two major misconduct tickets should have been dismissed because the hearings on those tickets occurred after the time required in MDOC policy. Although Defendant Wolven suggested that Plaintiff's hearing investigator caused the delays, Plaintiff argues that MDOC policy does not carve out an exception for a hearing investigation to delay a hearing. Plaintiff finally argues that Hearing Investigator Novak failed to provide him with hearing packets and appeal forms.

A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison

officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior.  The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison.  But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior.  Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest."  But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Plaintiff does not allege that his major misconduct convictions resulted in any loss of good-time credits, nor could he.  The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[3] for prisoners convicted for crimes occurring after April 1, 1987.  In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence.  Rather, it merely affects parole eligibility, which remains discretionary with the parole board.  481 F.3d at 440.  Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement.  355 F. App'x at 912; *accord, Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196,

---

[3]For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system.  MICH. COMP. LAWS § 800.33(5).

at * 4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011).   In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of disciplinary credits.  *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation.  *See Sandin v. Connor*, 515 U.S. 472 (1995).  Plaintiff has not identified any deprivation, much less a significant and atypical deprivation, arising from his convictions.  Because Plaintiff's misconduct convictions did not result in either an extension of the duration of his sentence or some other atypical hardship, his due-process claims fail.  *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004).

Moreover, Defendants' failure to comply with MDOC policy regarding the timing of Plaintiff's misconduct hearings fails to state a claim.  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation.  *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).  Plaintiff's allegations about the violation of MDOC policy therefore fail to state a claim under § 1983.

C.   **Due Process - Grievance**

Plaintiff complains that he could not process his grievances against Officer Malcomb and Officer Unknown Party #1 and he was refused the ability to file a grievance for another assault. (Compl., docket #1-1, Page ID #11.)  Plaintiff also claims that he kited Inspector Wellington to press charges to no avail.

Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure.  *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Michigan law does not create a liberty interest in the grievance procedure.  *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).  Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive Plaintiff of due process.

D.     **Retaliation**

Reading Plaintiff's complaint liberally, he appears to allege two retaliation claims in his complaint.  First, Plaintiff complains that Officer Sage wrote a false misconduct ticket against Plaintiff because Plaintiff bit Officer Coburn. Second, Plaintiff states that "they've filed assault charges on me in continued retaliation so that [i]s even more stress and mental anguish as it could add up to a possible life sentence if they want to push the sentencing." (Compl., docket #1-1, Page ID#9.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged

in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394.  Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's retaliation claim against Officer Sage fails the first prong.  Plaintiff admits that he bit Officer Coburn.  Biting a corrections officer certainly is not protected conduct under the *Thaddeus-X* test.  A prisoner's behavior in violation of prison regulations is not "protected conduct" under the First Amendment.  *See Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (prisoner's act of calling the hearing officer a "foul and corrupt bitch" was not protected conduct because such behavior fell within the definition of "insolence" under the MDOC Policy Directive governing prisoner misconduct).  Accordingly, Plaintiff fails to state a retaliation claim against Officer Sage.

For Plaintiff's second retaliation claim, Plaintiff merely alleges the ultimate fact of retaliation.  Plaintiff has not presented any facts regarding his retaliation claim.  He has not identified who is retaliating against him, nor has he stated why they are retaliating against him.  It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985).  "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108.  "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are

- 13 -

not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994).  Plaintiff merely alleges the ultimate fact of retaliation.  He has not presented any facts to support his conclusion that Defendants are retaliating against him.  *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Accordingly, his speculative allegation fails to state a claim.

> E.    **State Law**

Plaintiff alleges that Defendants have violated many MDOC policy directives. Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation.  *Laney*, 501 F.3d at 581 n.2; *Freland*, 954 F.2d at 347-48; *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh*, 1995 WL 236687, at *1.  Section 1983 is addressed to remedying violations of federal law, not state law.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, to the extent that Plaintiff's complaint presents claims under state law, this Court declines to exercise jurisdiction over the state law claims as to Defendants Fuller, Kline, Shotwell, Ramiro, Campbell, Sage, Doctor Unknown Party #2, Hadden, Wellington, Wolven, Grievance Coordinator Unknown Party #3, Novak, Schooly, Stoddard, McKee, State of Michigan, Bellamy Creek Correctional Facility and the Michigan Department of Corrections .  "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits."  *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

F.      **Service**

Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to state Eighth Amendment claims against Defendants Malcomb, Corning, Bracy, Coburn, Bird, Olson, Hull, Prison Health Services, Inc., Doctor Unknown Party #1 and Psychiatric Staff Unknown Part(y)(ies).  The Court therefore will serve the complaint against those Defendants.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Fuller, Kline, Shotwell, Ramiro, Campbell, Sage, Doctor Unknown Party #2, Hadden, Wellington, Wolven, Grievance Coordinator Unknown Party #3, Novak, Schooly, Stoddard, McKee, State of Michigan, Bellamy Creek Correctional Facility and the Michigan Department of Corrections will be dismissed on immunity grounds and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Malcomb, Corning, Bracy, Coburn, Bird, Olson, Hull, Prison Health Services, Inc., Officer Unknown Party #1 and Psychiatric Staff Unknown Part(y)(ies).

An Order consistent with this Opinion will be entered.

Dated:  November 21, 2011                          _____/s/ Gordon J. Quist_____
                                                                          GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE