UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

      Plaintiff,                                   Case No.  1:11-cv-1075

v.                                                   HON. GORDON J. QUIST

UNKNOWN MALCOMB, *et al.*,

      Defendants.
                                               /

**MEMORANDUM OPINION AND ORDER**

On August 2, 2012, the Magistrate Judge issued a Report and Recommendation ("R & R") (docket no. 40) recommending that Defendants' Motion for Summary Judgment (docket no. 19) be granted because Plaintiff, Sean Michael Ryan, did not administratively exhaust his claims. Plaintiff has filed objections to the R & R. (Docket no. 541). "The district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The R & R found that Plaintiff did not administratively exhaust his claims against Defendants Malcolm, Corning, Bracey, Bird, Olson, and Coburn,[1] reasoning that Plaintiff did not provide evidence that rebutted Defendants' evidence that Plaintiff did not name any of the Defendants in a grievance. In his objections, Plaintiff attempts to file an affidavit to rebut Defendants' motion.

As a general rule, district courts do not have to consider arguments on review that were not

---

[1] Defendants argued that Defendant Hull was also entitled to summary judgment, but, as the R & R found, Defendant Hull has already been dismissed from this lawsuit. Plaintiff did not object to this finding.

raised before the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) ("The magistrate [] never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver." (citations omitted)); *Becker v. Clermont Cnty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011) (citing *Murr* and stating that a pro se prisoner's new argument would not be considered "because it was not first presented to the magistrate judge for consideration"), *cert. denied* 132 S. Ct. 1759 (2012); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (stating that a district court has discretion to not consider an argument not presented to the magistrate judge); *Harris v. McQuiggin*, 2011 WL 4572062, at *1 (W.D. Mich. Sept. 30, 2011) (declining to consider new evidence that the magistrate judge was not able to consider). Therefore, this Court declines to address Plaintiff's new affidavit that the Magistrate Judge did not have an opportunity to consider.

This Court does not find that compelling reasons exist to consider Plaintiff's objections. Plaintiff's objections and new affidavit contend that he was not able to file grievances against Defendants because he was "placed in an observation cell." This contention flies in the face of the uncontroverted evidence that Plaintiff filed five grievances, all of which were exhausted through Step III, even though none of these were against Defendants. Thus, even taking all inferences in favor of Plaintiff, the evidence is so one-sided that Defendants must prevail as a matter of law on the issue whether Plaintiff administratively exhausted his claims. *See State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (stating that the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of

law").

Thus, insofar as the R & R recommends that Plaintiff did not administratively exhaust his remedies, the R & R will be adopted and Defendants' motion for summary judgments will be granted. Therefore,

**IT IS SO ORDERED** that Plaintiff's objections (docket no. 41) are **overruled**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's August 2, 2012, R & R (docket no. 40) is **approved** and **adopted** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 19) is **granted in part**, and Defendants Malcolm, Corning, Bracey, Coburn, Bird, and Olson are **dismissed** from this case. The motion is **dismissed as moot** as to former Defendant Hull.


Dated: September 5, 2012                          /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE