UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

    Plaintiff,

Case No. 1:11-cv-1075

Hon. Gordon J. Quist

v.

UNKNOWN MALCOMB, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner incarcerated by the Michigan Department of Corrections ("MDOC") pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Prison Health Services, Inc.'s Motion to dismiss pursuant to Fed. Rules Civ. Proc. 12(b)(6) (docket no. 34) and its Motion to dismiss pursuant to Fed. Rules Civ. Proc. 41 (docket no. 49). Defendant's motions are unopposed.

**I.**  **Background**

The court previously summarized plaintiff's claims alleged against 28 defendants. *See* Opinion at pp. 2-5 (docket no. 5); Report and Recommendation at pp. 1-3 (docket no. 40). All defendants have been dismissed except for Prison Health Services, Inc. ("PHS"). Plaintiff's complaint involves an incident in July 2011 at Ionia Bellamy Creek Correctional Facility in which he was allegedly assault by correctional officers and prison medical staff failed to treat him or provide a doctor after the assault. *Id.*

While plaintiff listed PHS in the complaint's caption and as a defendant (*see* attachment, docket no. 1-1 at p. 2), plaintiff has made no particular allegation against PHS.

Plaintiff's complaint includes a few statements which could conceivably be directed at PHS as the entity providing health care at MDOC facilities. For example, plaintiff stated that he received no medical treatment for the assaults, his depression has increased and he is paranoid, that "[m]y mental health issues also went un treated and still are not being treated," and "I would also have to add that MDOC and phs [sic] and staff were deliberately indifferent to my medical needs." *Id.* (docket no. 1-1 at p. 7). Plaintiff's complaint also includes a parenthetical statement as follows "(also I have an on going fight to get proper medical care due to my disabling injuries but thats another issue its enough to know I've had 4 failed spinal surgeries and still have bulging and herniated disks in my back and neck as well as severe arthritis. Thats gone untreated since I was arrested on 3/1/10)". Attachment to complaint (docket no. 1-1 at p. 5). Plaintiff seeks $10,000,000.00 in damages from PHS on the ground that the MDOC and PHS were deliberately indifferent to his medical needs. Compl. (docket no. 1 at p. 4).

### II. Motion to dismiss pursuant to Fed. Rules Civ. Proc. 12(b)(6) (docket no. 34)

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

PHS seeks to dismiss plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

2

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

The Court ordered service of plaintiff's complaint on PHS after performing an initial screening of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c) *See* Opinion (docket no. 5); Order Regarding Partial Service (docket no. 6). However, neither the screening opinion nor the order directing partial service addressed the factual or legal basis of plaintiff's claim against PHS. Now, PHS has brought specific deficiencies to the court's attention. In reviewing the sufficiency of plaintiff's complaint, it is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the duty to be "less stringent" with *pro se* complaints does not require this court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (lst Cir. l979). *See also*

3

*Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 437 (6th Cir. l988) ("A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."), quoting *O'Brien v.DiGrazia*, 544 F.3d 543, 546 n. 3 (1st Cir. 1976). A plaintiff must allege with at least some degree of particularity the acts which constitute the violation of his rights. *See Morgan*, 829 F.2d at 12.

It is well established that an inmate has a cause of action under § l983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (l976). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

As discussed, *supra*, plaintiff's complaint does not contain any specific allegation against PHS. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir.1974). *See also, Webb v. Caruso*, 1:06–cv–3, 2006 WL 416261 at *4 (W.D.Mich. Feb.22, 2006) ("[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal

4

construction afforded to pro se complaints"). Accordingly, plaintiff's complaint could be dismissed on this ground.

Furthermore, because PHS is a corporate defendant providing medical services to the MDOC, plaintiff has failed to allege that PHS engaged in a policy, practice or custom which violated his rights under the Eighth Amendment. A plaintiff who sues a private or public corporation for constitutional violations under § 1983 must establish that a policy or custom caused the alleged injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Street v. Corrections Corporation of America*, 102 F.3d 810, 818 (6th Cir. 1996). Thus, in order to state a § 1983 claim against PHS, plaintiff must allege the existence of a policy, practice or custom that both violated his Eighth Amendment rights and resulted in an injury. *See Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir. 2001) (a prisoner's § 1983 claim against a corporation providing medical services at a state correctional facility must "be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights"); *Moreno v. Metropolitan General Hospital*, No. 99-5205, 2000 WL 353537 at *2 (6th Cir. March 28, 2000) (in order to state a § 1983 claim against PHS, plaintiff "must allege the existence of a policy, practice or custom that resulted in the injury"). "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). *See Bartalone v. Berrien County*, 643 F. Supp. 574, 578-79 (W.D. Mich. 1986) (a plaintiff in a § 1983 action "must allege sufficient facts to establish the probable existence of the pattern, custom, or policy of which [he] complains.").

5

Here, plaintiff has not alleged that PHS engaged in any policy, practice or custom that resulted in an Eighth Amendment violation. In the absence of any allegation of wrong-doing by PHS, plaintiff apparently seeks to hold PHS liable under a theory of vicarious liability for the acts performed by MDOC personnel, or the doctors, nurses, and physicians assistants who provided medical services at the correctional facility. It is well settled that a § 1983 action cannot be based on a theory of respondeat superior. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978); *Taylor v. Michigan Department of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995). Plaintiff has failed to allege sufficient facts, which, if accepted as true, would state a claim to relief that is plausible on its face against PHS. *Iqbal*, 556 U.S. at 678. Accordingly, PHS' unopposed motion to dismiss pursuant to Fed. Rules Civ. Proc. 12(b)(6) should be granted.

**II.     Motion to dismiss pursuant to Fed. Rules Civ. Proc. 41 (docket no. 49)**

In the alternative, PHS seeks dismissal of plaintiff's claim pursuant to Fed. Rules Civ. Proc. 41. Rule 41 provides in pertinent part as follows:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. Rules Civ. Proc. 41(b).

Here, PHS contends that plaintiff has failed to prosecute his claims against it, as evidenced by his failing to respond to the motion to dismiss pursuant to Fed. Rules Civ. Proc. 12(b)(6) (which had been filed for several months prior to the motion to dismiss for failure to prosecute under Fed. Rules Civ. Proc. 41).

> When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998). Based on the four factors listed in *Stough*, the court concludes that dismissal of plaintiff's claims against PHS for failure to prosecute is not appropriate at this time. First, there is no evidence before the court that plaintiff failed to cooperate in prosecuting his action against PHS.[1] Second, PHS has not shown that it has been prejudiced by plaintiff's dilatory conduct in failing to respond to the motion to dismiss. Third, there has been no warning given to plaintiff that his failure to cooperate could lead to dismissal. Fourth, the court has not had an opportunity to address less drastic sanctions in this case. Accordingly, based on the record of this case at this time, PHS' motion to dismiss for failure to prosecute should be denied.[2]

### IV. Plaintiff's state law claims

PHS also seeks to dismiss plaintiff's state law claims for medical malpractice. It is not apparent to the court that plaintiff's complaint included an allegation of medical malpractice against PHS. However, assuming that plaintiff's allegations amounted to a claim of medical malpractice under state law, such claims should be dismissed without prejudice. Section 1367 of

---

[1] The record reflects that plaintiff filed an interlocutory appeal with respect to the other defendants shortly before PHS filed its motion to dismiss pursuant to Fed. Rules Civ. Proc. 12(b)(6).

[2] If the court does not adopt the undersigned's recommendation to grant PHS' motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), then the court should consider developing a record by issuing an order to show cause pursuant to W.D. Mich. LCivR 41.1 as to why plaintiff's action should not be dismissed for failure to prosecute. *See* W.D. Mich. LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of pros ecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge may enter an order of dismissal with or without prejudice, with or without costs.").

Title 28 of the United States Code provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." 28 U.S.C. § 1367(a). The court exercised its supplemental jurisdiction over plaintiff's state law claims, because those claims were intimately related to the alleged § 1983 violation. The dismissal of plaintiff's federal claims against defendants, however, requires the court to re-examine the issue of supplemental jurisdiction for state law claims against PHS. Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." Thus, once a court has dismissed a plaintiff's federal claim, the court must determine whether to exercise, or not to exercise, its supplemental jurisdiction under § 1367. *See Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 892-93 (6th Cir.1998).

As a general rule "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir.1996). Here, the Court has rejected plaintiff's federal claims. There is no reason to retain supplemental jurisdiction over plaintiff's state law claims, and the court should dismiss all of the state law claims asserted against PHS.

## V. Recommendation

For the reasons set forth above, I respectfully recommend that PHS' motion to dismiss pursuant to Fed. Rules Civ. Proc. 12(b)(6) (docket no. 34) be **GRANTED**, that PHS' motion to dismiss pursuant to Fed. Rules Civ. Proc. 41 (docket no. 49) be **DENIED**, that plaintiff's state law claims be **DISMISSED**, and that this action be **TERMINATED**.


Dated: February 8, 2013                              /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).